PARMELE AND BAKER *vs.* JOHNSTON.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

An affidavit in which one of the members swears that " the defendant is *really indebted to the firm,*" in the sum claimed, it is sufficient to support an attachment.

Where prescription is first pleaded in the Supreme Court, and it is necessary to remand the case for a new trial, on this plea the appellant, for whose benefit it is, must pay the costs of the appeal.

This suit commenced by attachment. Parmele swears, that " he is a partner of the firm of Parmele & Baker, and that James H. Johnston is really indebted to said firm in the sum of five hundred and ninety-two dollars and seventy-five cents, &c. On the same day, the writ was put in the hands of the sheriff, and property attached in the hands of Taylor, Gardiner & Co., who were cited as garnishees.

On the next day, the plaintiffs filed their petition, and claimed judgment on a note of the defendant, dated March 30th, 1833, payable six months after date, with a credit endorsed, leaving the balance now claimed. There was also interrogatories propounded to the garnishees.

The attorney appointed to defend, pleaded a general denial; and denied that the property attached, belonged to the defendant, but to the firm of Johnston & Harrison, of Arkansas, and prays that the attachment be dissolved.

It appears from the record, that this suit was instituted the 27th April, 1839, and the note sued on became due and payable the 30th September, 1833, nearly six years before suit.

The parties went to trial on this issue; and there was judgment for the plaintiffs, from which the defendant's attorney took an appeal.

*Wharton,* for the plaintiffs, prayed the affirmance of the judgment.

EASTERN DIST.     *T. Slidell,* for the defendant, insisted that the attachment
*May,* 1840.    was illegally obtained. The affidavit does not allege that
PARMELE AND    the *debt is due.* *Code of Practice,* 242---3.
BAKER
*vs.*                2. A proceeding by attachment is a rigorous remedy, and
JOHNSTON.    must be strictly pursued. The affidavit cannot be aided by
reference to the petition, when it is not filed, until the day
after the affidavit. The law is conclusive, that the affidavit
must declare the debt to be due. *Millaudon* vs. *Foucher,*
8 *Louisiana Reports,* 582.

3. The note sued on is prescribed by lapse of five years
from the time it became due and payable, and there is no
proof in the record to rebut prescription.

*Morphy, J.,* delivered the opinion of the court.

This suit commenced by attachment; on the day after it
was sued out, the plaintiffs filed their petition, claiming five
hundred and ninety-two dollars and seventy-five cents, on
a note of defendant to their order. An attorney was appointed
to represent the absent defendant, who filed a general denial.
Judgment being rendered in favor of plaintiffs, the attorney
for defendants appealed.

In this court, two points are made:

1. That the attachment was illegally obtained, because
the affidavit does not allege the debt to be due.

2. That the debt is prescribed.

I. One of the plaintiffs swears that defendant is *really in-
debted* to the firm in the sum of five hundred and ninety-two
dollars and seventy-five cents, and that he resides out of the
state of Louisiana : the expressions used by the affiant do, in
our opinion, convey the idea of a debt actually due and pay-
able, not one *debitum in presenti, solvendum in futuro :* In point
of fact, the plea of prescription, set up by the appellant, shows
how the debt stood in relation to its maturity.

II. Prescription not having been pleaded in the inferior
court, the appellee claims, and we think he is entitled to
have the case remanded for trial on this plea, *Code of Prac-
tice, article* 992 ; and as the judgment appealed from would

*An affidavit in which one of the members swears that " the defendant is* really indebted to the firm," *in the sum claimed, it is sufficient to support attachment. Where prescription is first pleaded in the Supreme Court, and it is necessary to remand the case for a new trial on this plea, the appellant, for whose benefit it is, must pay the costs of the appeal.*

be affirmed, but for this plea, it appears to us that the costs of this appeal should not be borne by the appellee.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court be avoided and reversed, and it is further ordered, that this case be remanded, to be proceeded in according. to law, the defendant and appellant paying the costs of this appeal.